IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION

ELECTRONICALLY FILED
May 09 2018
U.S. DISTRICT COURT
Northern District of WV

**PRESTIGE HOUSING INC.,**

    Plaintiff,

v.                                                            Civil Action No. 2:18-cv-49 (Bailey)

**HANOVER INSURANCE COMPANY,**

    Defendant.

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Hanover Insurance Company ["Hanover"], by and through its undersigned counsel, removes the above-captioned case from the Circuit Court of Upshur County, West Virginia in which it is now pending, to the United States District Court for the Northern District of West Virginia, Elkins Division.  In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet and a copy of all processes, pleadings, and orders served upon Hanover in the state court action are attached hereto as **Exhibit A**.

As grounds for removal, Hanover states as follows:

### I.   INTRODUCTION

1.   On or about April 4, 2018, Plaintiff Prestige Housing Inc. ("Prestige") commenced this action in the Circuit Court of Upshur County, West Virginia, by filing a Complaint naming as defendant Hanover.  Prestige's Complaint was assigned Civil Action No. 18-C-25 and captioned *Prestige Housing Inc. v. Hanover Insurance Company.*

2.   The Complaint generally alleges that Hanover violated the West Virginia Unfair Trade Practices Act and acted in bad faith in handling a claim by Prestige, which Prestige asserts is covered under a commercial lines insurance policy Hanover issued to Prestige under Policy Number ZHS 8565482 07.  Specifically, the Complaint asserts that Hanover breached its insurance contract with Prestige, in part, by denying coverage for the damages alleged in the Underlying Case.  *See* Complaint at ¶¶ 11, 15, 19, 21–23, 25(d), 30(d), 33(d).

3. According to the Complaint, the claim relates to a lawsuit filed against Prestige by Brian and Shannon Hall in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 16-C-632 ["Underlying Case"] alleging "improper construction and damages to a home purchased from Prestige by the Halls." Complaint at ¶ 3.

4. Upon information and belief, Prestige sells and installs modular and manufactured homes. In the Underlying Case, Brian and Shannon Hall allege they purchased a modular home from Prestige for a total sales price of $165,887.68. *See* Complaint in Underlying Case at ¶ 8, attached hereto as **Exhibit B**. They further allege that, as of October 2015, they had paid Prestige $130,109.60 of that total amount. *Id.* at ¶ 13. In their amended complaint, the Halls allege a breach of express warranties, a breach of the implied warranty of merchantability, a breach of the implied warranty of fitness, a breach of contract and duty of good faith, negligent repair, unfair or deceptive acts or practices, common law and constructive fraud, negligent misrepresentation, and breach of warranty of habitability. *See* Amended Complaint in Underlying Case, attached hereto as **Exhibit C**. Along with the damages sought by the Halls, which include compensatory, consequential, incidental, and punitive damages and damages and penalties for violations of the West Virginia Consumer Credit and Protection Act (W. Va. Code § 46A-1-101 *et seq.*) ["WVCCPA"], they also seek to rescind the $165,887.68 contract and a reimbursement of the more than $130,109.60 they have paid on the contract. *Id.*

5. Prestige now alleges that "the claim was a covered loss under their Hanover insurance policy based upon the allegations and information coming to light in the underlying litigation." Complaint at ¶ 11. Furthermore, Prestige claims Hanover had knowledge of the allegations in the amended complaint in the Underlying Case, and "denied [Prestige] a defense and denied coverage for the Halls' claims." *Id.* at ¶¶ 13, 15.

6. Prestige alleges damages arising out of Hanover's handling of the claim and for breaching the insurance contract by, among other things, failing "to indemnify for a covered loss," *Id.* at ¶ 25(d), and failing to "timely offer and fairly settle Plaintiff's claim when it became reasonably clear the loss was covered," *Id.* at ¶ 30(d). Prestige further seeks damages which

include loss of use of insurance benefits, aggravation and inconvenience, costs and expenses, attorneys fees and costs, net economic losses, and punitive damages. *Id.* at ¶¶ 33, 36.

## II.   COMPLIANCE WITH REMOVAL STATUTE

7.   This Notice of Removal ("Notice") is properly filed under 28 U.S.C. § 1441(a) in the United States District Court for the Northern District of West Virginia because Upshur County is located in this federal judicial district and in this division. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

8.   On April 9, 2018, service of the Summons and Complaint was effected upon Hanover via the West Virginia Secretary of State's office. In accordance with the requirements of 28 U.S.C. § 1446(b), this notice of removal is timely filed within thirty (30) days after service of Prestige's Summons and Complaint.

9.   Pursuant to 28 U.S.C. § 1446(d), Hanover is providing written notice of this Notice of Removal to Prestige and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Upshur County.

10.   Hanover's Rule 7.1 Disclosure Statement is filed concurrently with this Notice.

## III.   COMPLETE DIVERSITY EXISTS

11.   Removal of this case is proper under 28 U.S.C. §§ 1441 and 1332 because complete diversity exists between Prestige and Hanover.

12.   Plaintiff is a West Virginia corporation, with its principal place of business located in Buckhannon, West Virginia. *See* Complaint at ¶ 1.

13.   Hanover is a New Hampshire corporation with its principal place of business in the state of Massachusetts.

14.   Based upon the foregoing, complete diversity exists between Plaintiff and Defendant as required by 28 U.S.C. § 1332(a).

## IV.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.   For removal purposes, in addition to diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

16. Where a complaint does not request a specific amount of damages, as is the case here, courts may require a removing defendant to establish the jurisdictional amount. *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 635 (S.D. W. Va. 2009). The proof must be by the preponderance of the evidence. *Williams v. Combined Ins. Co. of America*, Civ. Act. No. 5:07CV157, 2008 U.S. Dist. LEXIS 74412, 2008 WL 4446709, *4 (N.D.W. Va. Sept. 26, 2008). In such circumstances where the amount is not apparent on the face of the Complaint, "the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." Furthermore, the *ad damnum* clause is only an estimate of the relief to which the plaintiff is entitled, and "the [p]laintiff is not restricted or bound by the relief requested." *Gillespie v. Brewer,* 602 F. Supp. 218, 223 (N.D. W. Va. 1985).

17. The amount in controversy requirement is met in this case because the Complaint alleges Hanover breached its insurance contract with Prestige, in part, by denying coverage for the damages alleged in the Underlying Case, which the Complaint repeatedly claims are covered under the subject policy. Complaint at ¶¶ 11, 15, 19, 21–23, 25(d), 30(d), 33(d). The Underlying Case seeks damages in excess of $130,000, not only to reimburse the Halls for the monies paid for the modular home, but also to compensate them for emotional and mental distress, loss of use, aggravation, anxiety, and annoyance and inconvenience; for consequential and incidental damages; for attorneys fees and costs; for actual damages related to violations of the WVCCPA; for costs associated with repairing, replacing, and/or replacing the defects to the subject home; and for punitive damages. Ex. 3 at "PRAYER" ¶¶ 1, 4–14.

18. Although the Complaint's *ad damnum* clause does not specifically seek a determination of coverage for the Underlying Case, it is clear Prestige is alleging damages from Hanover's denial of coverage for the underlying claims. The Supreme Court of Appeals of West Virginia has explained that "the value of a lawsuit is not determined definitively by the *ad damnum* clause." *State ex rel. Strickland v. Daniels,* 173 W. Va. 576, 318 S.E.2d 627, 631 (W.

Va. 1984). The *ad damnum* clause is only an estimate of the relief to which the plaintiff is entitled, and "the [p]laintiff is not restricted or bound by the relief requested." *Gillespie v. Brewer,* 602 F. Supp. 218, 223 (N.D. W. Va. 1985). Further, Federal Rule of Civil Procedure 54(c) states: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Because the Complaint alleges the amounts claimed in the Underlying Case are covered, those amounts are part of this cases amount in controversy.

19. Furthermore, the Complaint seeks damages for annoyance and inconvenience, "loss of use of insurance benefits," costs and expenses, loss of use of money, mental stress and anxiety from having to retain counsel to recover for its covered claim, attorneys fees, and net economic losses. While Prestige has not indicated the amount of those damages and fees, they provide further support that the amount in controversy requirement is met.

20. Prestige claims for punitive damages also add to the amount in controversy. Under West Virginia law, a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. *White v. J. C. Penney Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D.W. Va. 1994); *Mullins v. Harry's Mobile Homes*, 861 F. Supp. 22, 24 (S.D.W. Va. 1994). While a "plaintiff must carry a heavy burden of proof to obtain punitive damages, [ ] the plaintiffs here have pleaded such a claim and placed their right to punitive damages in controversy." *Mullins*, 861 F. Supp. at 24. West Virginia allows an award of punitive damages to an insured where the insurer's failure to honor a claim involves a malicious intention to injure or defraud. *Hayseeds, Inc. v. State Farm Fire and Casualty,* 177 W. Va. 323, 352 S.E.2d 73 (W. Va. 1986). Thus, where a plaintiff seeks punitive damages for defendant's alleged intentional, willful, and malicious breach of the covenant of good faith and fair dealing, as Prestige has done here, a court may permit punitive damages to be included in the amount in controversy for jurisdictional purposes. *See White,* 861 F. Supp. at 27. Therefore, Prestige's

claim for punitive damages should be included in determining whether or not the jurisdictional amount of $75,000 is present.

21. Accordingly, based on Plaintiff's own allegations that the Underlying Case is a covered claim that Hanover should cover, in addition to claims for damages for annoyance and inconvenience, "loss of use of insurance benefits," costs and expenses, loss of use of money, mental stress and anxiety from having to retain counsel to recover for its covered claim, attorneys fees, net economic losses, and punitive damages, there is sufficient evidence to show that the amount in controversy is in excess of $75,000, and this Court has jurisdiction.

## V. CONCLUSION

WHEREFORE, notice is given that this action is removed from the Circuit Court of Upshur County, West Virginia to the United States District Court for the Northern District of West Virginia, Elkins Division.

HANOVER INSURANCE COMPANY,
By Counsel,

/s/Jeffrey M. Wakefield
Jeffrey M. Wakefield (WV Bar #3894)
Flaherty Sensabaugh Bonasso PLLC
P. O. Box 3843
Charleston, WV 25338-3843
304- 345-0200
304- 345-0260fax
JWakefield@flahertylegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS DIVISION**

**PRESTIGE HOUSING INC.,**

    Plaintiff,

v.                                            Civil Action No. _____

**HANOVER INSURANCE COMPANY,**

    Defendant.

### CERTIFICATE OF SERVICE

    I, Jeffrey M. Wakefield, counsel for Hanover Insurance Company, do hereby certify on the 9th day of May, 2018, a true and exact copy of "**Notice of Removal**" has been served upon the following counsel of record through the CM/ECF system:

Erika Klie Kolenich, Esq.
James Lindsay, Esq.
85 W. Main Street
Buckhannon, WV 26201
*Counsel for Plaintiff*

                                       /s/Jeffrey M. Wakefield_____
                                       Jeffrey M. Wakefield (WV Bar #3894)