```
05/09/2018                         Upshur County Circuit Clerk's Office                    Page:      1
10:20:57                            Docket Entries for case CK-49-2018-C-25
                            Style: Prestige Housing Inc.
                                                 v.
                                   Hanover Insurance Company
                            Judge: Judge Kurt W. Hall

Seq    Date       Description
_____

  1 04/05/2018 Other: CASE FILED 4/4/18
                 1 CCIS(1)
                 2 Complaint(2-11)
  2 04/05/2018 Other: Summons/Complaint issued Sec St ps Def 4/5/18
                 1 Summons(12)
  3 04/12/2018 Other: SUMMONS RET by Sec St accepted for service to Hanover Ins Co 4/9/18, filed 4/12/18
                 1 SUMMONS RET(13-24)
  4 04/24/2018 Other: Notification from Sec St RET RECPT signed T. Stamper for Hanover Ins.4/12/18, filed 4/24/18
                 1 Notification from Sec St RET RECPT signed T. Stamper for Hanover Ins.4/12/18(25)
```

EXHIBIT

A

**IN THE CIRCUIT COURT OF UPSHUR COUNTY, WEST VIRGINIA**

**PRESTIGE HOUSING INC.,**

  **Plaintiff,**

**v.**                                                          Civil Action No.: *18-C-25*

**HANOVER INSURANCE COMPANY**

  **Defendant.**

<u>**COMPLAINT**</u>

  Now COMES the Plaintiff, Prestige Housing Inc., by and through its counsel, Erika Klie Kolenich, and James L. Lindsay, and for its cause of action against the defendant, states and alleges, as follows, to-wit:

1.  Plaintiff, Prestige Housing, Inc. (hereinafter referred to as "Plaintiff" or "Plaintiff Prestige") is a West Virginia corporation, having a mailing address of P.O. Box 1013, Buckhannon, WV 26201.

2.  Based upon information and belief, Defendant Hanover Insurance Company (hereinafter referred to as "Defendant" or "Defendant Hanover") is an insurance company licensed to conduct business in West Virginia and actively doing business throughout the State of West Virginia including Upshur County, West Virginia, thereby purposefully availing themselves of the privileges and benefits of conducting business within the State of West Virginia; Defendant Hanover actively, systematically conducts, contracts, and transacts business within the state of West Virginia; Defendant Hanover's principal office address is 440 Lincoln Street, Worchester, MA 01653, and Defendant Hanover's notice of process address is CT Corporation System, 5400 D Big Tyler Road, Charleston, WV 25313, USA.

1

3. Defendant Hanover directly processed and handled the claim of Plaintiff Prestige concerning claimants Brian and Shannon Hall, Kanawha County Civil Action 16-C-632, involving improper construction and damages to a home purchased from Prestige by the Halls.

4. Based upon information and belief, at all times material herein, Plaintiff Prestige was a named insured under a commercial lines insurance policy, Policy Number ZHS 8565482 07, which was purchased and contracted from Defendant Hanover by the Plaintiff and which had applicable general aggregate and products-completed operations aggregate coverage limits of $2,000,000 each and an occurrence limit of $1,000,000.

5. Plaintiff substantially complied with all requirements and policy provisions of Defendant Hanover's said insurance policy.

6. On or about April 29, 2016, the Halls filed a civil action against Prestige Housing alleging damages that occurred as the direct and proximate result of, among other allegations, Prestige's failure to complete the home in a "timely and workmanlike manner."

7. Shortly after June 2, 2016, Defendant Hanover had actual notice and knowledge of the incident hereafter described and the claim of Plaintiff for damages related to the construction of the subject home.

8. On or about September 21, 2016, Defendant Hanover was sent a request for coverage of the claim. Defendant Hanover failed to acknowledge and act reasonably promptly upon communications with respect to claims arising under the applicable insurance policy.

9. As the Hall claim proceeded, Prestige notified Hanover on multiple occasions that the Halls were claiming damages that were a result of Prestige's negligence and which

2

resulted from the work of subcontractors, all of which were covered under the applicable policy of insurance. Hanover continued to deny coverage despite the information provided by its insured, Prestige Housing. Defendant Hanover's final denial of coverage occurred on or about June 15, 2017.

10. At all times material and relevant herein Defendant Hanover acted by and through its agents it employed to sell, process, handle, and/or adjust many of the negotiation, investigation of the claim and the denial of the same occurred in Upshur County, West Virginia.

11. Plaintiff through its counsel advised Defendant Hanover, that the claim was a covered loss under their Hanover insurance policy based upon the allegations and information coming to light in the underlying litigation.

12. Further, Defendant Hanover on multiple occasions failed to affirm or deny coverage of claims and/or tender a defense within a reasonable amount of time under Hanover insurance policies.

13. The Halls amended their Complaint on or about January 11, 2018, incorporating information that was made known to Defendant Hanover from prior correspondence with Plaintiff via its counsel.

14. On or about March 5, 2018, it was clear to Defendant Hanover that their first party insured's claim was covered under their insurance policy.

15. Upon information and belief, Defendant Hanover had adequate knowledge that their first party insured's claim was covered under the insurance policy prior to March 5, 2018, and had such knowledge at the time it denied Plaintiff a defense and denied coverage for the Halls' claims.

3

16. Defendant Hanover, on or before March 5, 2018, had actual and/or constructive notice and/or knowledge that they were governed by the common low of the first party insurance company claim misconduct and by the West Virginia Unfair Settlement Practices Act, W. Va. Code §33-11-4, and the West Virginia insurance regulations in the handling of Plaintiff Prestige's claim.

17. Defendant Hanover by and through their agents, servants, and employees have committed violations of the West Virginia Unfair Claims Settlement Practices Act with such frequency as to indicate a general business practice.

## COUNT I - Common Law Claim Misconduct and Violations of the Unfair Settlement Practices Act

18. Plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

19. The actions of Defendant Hanover constituted unreasonable delay, failure to provide a defense, and wrongful withholding of payment for Plaintiff Prestige's covered damages and losses and/or valid claim under their Hanover insurance policy.

20. Alternatively, Defendant herein, failed respond to pertinent communications and/or acknowledge Plaintiff's allegations of this Complaint as if set forth fully herein and refused to settle claim with just cause.

21. Plaintiffs, by and through their agent and attorney, advised Defendant Hanover that their claim was covered under their Hanover insurance policy under West Virginia law, and that the policy contractually obligated Defendant Hanover to provide its insured Prestige a defense to the Halls' allegations.

4

22. Defendant Hanover had possession of documents, materials and/or evidence indicating that Plaintiff's claim was a covered loss under their Hanover insurance policy at the time said denials were made.

23. Defendant Hanover's, acts and omissions of, included but not limited to; failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; and unreasonably refusing to acknowledge that plaintiffs' claim was a covered loss; unreasonably refusing and/or failing to defend a covered loss; failing to negotiate in good faith; and failing to make a reasonable settlement offer within policy limits.

24. Defendant Hanover's acts and omissions as described herein, upon information and belief, constitute breaches of the applicable insurance contract lawfully entered into by the Parties.

25. Defendant Hanover, upon information and belief, breached said insurance contract by, including but not limited to:

    a.   Failure to timely investigate a covered loss;

    b.   Failure to properly defend a covered loss;

    c.   Failure to assist in mitigating damages;

    d.   Failure to indemnify for a covered loss.

26. Defendant Hanover , its agents, servants and employees, violated the West Virginia Unfair Claims Settlement Practices Act, West Virginia Code §33-11-4(9), the Unfair Trade Practices Act, as well as the West Virginia Insurance Regulations promulgated there under, including, but not limited to, the following:

5

    a.  Failed to adopt and implement reasonable standards for the prompt acknowledgement and investigation of claims arising under insurance policies;

    b.  Failed in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    c.  Misrepresenting pertinent facts or insurance policy provisions relating to coverage's at issue;

    d.  Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

    e.  Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    f.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

    g.  Failing to defend a covered loss under the applicable insurance policy; and

    h.  Other acts and omissions as disclosed by discovery.

27. Defendant Hanover, by and through its agents, servants, and employees has committed violations of the West Virginia Unfair Claims Settlement Practices Act with such frequency as to indicate a general business practice.

28. As a direct and proximate result of the acts alleged in this count, Plaintiff was damaged as is hereinafter set forth.

## COUNT II - Breach of Implied Covenant of Good Faith and Fair Dealing

29. Plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

6

30. Defendant Hanover breached its implied covenant of good faith and fair dealing with Plaintiff including, but not limited to:

    a.  Failing to accord the interest and rights of Plaintiff Prestige Housing, Inc., at least as great a respect as its own;

    b.  Failing to conduct a proper investigation and evaluation of the structural damage claim based upon the objective and cogent evidence; and

    c.  Failing to timely defend Plaintiff against covered claims; and

    d.  Failing to timely offer and fairly settle Plaintiff's claim when it became reasonably clear the loss was covered.

31. As a direct and proximate result of the acts of Defendant as alleged in this count of the Complaint, Plaintiff was damaged and injured as is hereinafter set forth.

## DAMAGES

32. Plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

33. As a direct and proximate result of the acts of Defendant Hanover as alleged in each count of this Complaint, Plaintiff;

    a.  sustained aggravation and inconvenience, emotional distress, anger, anguish, chagrin, depression, disappointment, embarrassment, fear, fright, grief, horror, loss of use of insurance benefits, annoyance, inconvenience and/or humiliation;

    b.  Sustained costs and expenses;

    c.  loss of use of money;

    d.  was forced to retain counsel to recover for its covered claim which caused mental stress and anxiety; and

7

e.   Sustained costs for attorneys and net economic losses.

## PUNITIVE DAMAGES

34. Plaintiff realleges and incorporates by reference all of the allegations of this Complaint as if set forth fully herein.

35. All of the acts of Defendant and its agents, servants, and employees, as alleged in each count of this Complaint were willful, wanton, and malicious and/or reckless and/or in reckless disregard for the rights of Plaintiff.

36. As a direct and proximate result of the acts of Defendant as alleged in this count of the Complaint, Plaintiff was damaged and ruined as is hereinafter set forth.

**WHEREFORE,**   Plaintiff Prestige Housing, Inc., demands judgment against Defendant Hanover Insurance Company for compensatory damages to which it is entitled for the wrongs alleged against Defendant Hanover Insurance Company in the various counts of this Complaint in an amount in excess of the jurisdictional limits of this Court and for punitive damages in an amount that will punish Defendant Hanover Insurance Company; deter them from committing this type of conduct in the State of West Virginia in the future, and by setting an example, deter other insurers from committing this type of conduct in the State of West Virginia in the future and in such amount as will satisfy all other reasons of law and public policy for an award of punitive or exemplary damages.   Plaintiff Prestige Housing, Inc., further demands attorney fees incurred, pre-judgment interest, post-judgment interest, costs, and for such other relief as the Court or jury deems just.

8

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Respectfully Submitted
Prestige Housing, Inc.,

Of Counsel

Erika Klie Kolenich, Esq. (9880)
James Lindsay, Esq. (12770)
Klie Law Offices, PLLC
85 W. Main Street
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
ehklie@klielawoffices.com
jlindsay@klielawoffices.com

9

IN THE CIRCUIT COURT OF UPSHUR COUNTY, WEST VIRGINIA

PRESTIGE HOUSING INC.,

       **Plaintiff,**

**v.**
                                         Civil Action No.:

**HANOVER INSURANCE COMPANY**

       **Defendant.**

**VERIFICATION**

STATE OF WEST VIRGINIA;

COUNTY OF Upshur ; TO-WIT:

     I, Virginia Barnette, President of Prestige Housing, Inc., named in the foregoing *"COMPLAINT,"* after being first duly sworn, do hereby swear that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information and belief, I believe them to be true.

                                               Virginia Barnette
                                               President of Prestige Housing, Inc.

Taken, subscribed, and sworn to before
me, a Notary Public, by Virginia Barnette,
President of Prestige Housing, Inc.,
on this the 4th day of April , 2018.

Notary Public

My Commission expires on: 1 18 2023

OFFICIAL SEAL
Notary Public, State Of West Virginia
MICHELLE ZICKEFOOSE
1176 Bryan Foster Road
Buckhannon, WV 83201
My Commission Expires January 18, 2023